UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **VS.** | § | **NO. 1:04-cr-25-1** |
| **FELIPE PECINA-CARRIZALES** | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision," filed March 16, 2005, alleging that defendant violated conditions of supervised release by illegally reentering the United States; and being indicted for illegal reentry after deportation.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on September 8, 2004, before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of reentry of an illegal alien after previously deported, a Class C felony. This offense carried a statutory maximum imprisonment

term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of II, was 8 to 14 months. Defendant was subsequently sentenced to 8 months imprisonment, to be followed by a 2-year term of supervised release, subject to the standard conditions of release, plus special conditions to include surrendering to a duly authorized immigration official for deportation proceedings, and, if ordered deported, to remain outside of the United States.

On November 26, 2004, defendant completed his period of imprisonment. On November 27, 2004, defendant was deported to Mexico.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on November 26, 2004.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 16, 2005. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Immediately upon release from confinement, defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedure provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, defendant shall remain outside of the United States. In the event that defendant is not deported, defendant shall comply with all conditions of supervised release. |
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |

As grounds, the petition alleges that on November 26, 2004, defendant was released from the Bureau of Prisons to the custody of the Bureau of Immigration and Customs Enforcement (BICE), for deportation, that defendant was deported to Mexico on November 27, 2004, and that defendant was arrested by the Nacogdoches, Texas Police on December 16, 2004, at the request of BICE.  The petition further alleges that, on January 5, 2005, defendant was indicted by a United States Grand Jury in the Eastern District of Texas for illegal entry after deportation, and that on March 4, 2005, defendant pled guilty to this offense.

### IV.  Proceedings

On July 12, 2005, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal, state, or local crime. The court announced that this violation is a Grade B violation, with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition.  This agreement was that the court should revoke supervised release, impose 6 months imprisonment, to be served consecutively to defendant's current 18-month sentence; followed by no additional period of supervised release.  In return, the

government will decline to proceed with remaining alleged violations of supervised release conditions.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by committing another federal, state, or local crime, then defendant will be guilty of committing a Grade B violation.  U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of II, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a mandatory condition: committing another federal, state, or local crime. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated a condition of supervised release, a Grade B violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision; he committed another federal, state, or local crime shortly after being deported. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated conditions of supervised release in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of six (6) months to be served consecutively to defendant's existing term of imprisonment.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 18th day of July, 2005.

_/s/ Earl S. Hines_
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE